UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------X
JEREMIAH SIMPSON,

                    Plaintiff,                MEMORANDUM & ORDER
                                              09-CV-2334(JS)(ETB)
     – against –

MARY O'SULLIVAN, HENRY SCHMITZ,

                    Defendants.
----------------------------X
APPEARANCES:
For Plaintiff:     Jeremiah Simpson, <u>pro</u> <u>se</u>
                   166 Cliff Street
                   Central Islip, NY 11722

For Defendants:    No Appearance

SEYBERT, District Judge:

          On June 3, 2009, Jeremiah Simpson ("Plaintiff") commenced

this action against Mary O'Sullivan and Henry Schmitz

("Defendants") pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331, and

<u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>,

403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). Plaintiff's

Complaint is accompanied by a request to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

For the reasons stated below, Plaintiff's request to proceed <u>in</u>

<u>forma</u> <u>pauperis</u> is GRANTED, and the claims pursuant to 42 U.S.C. §

1983 are DISMISSED without prejudice.

<u>BACKGROUND</u>

          In his Complaint, Plaintiff alleges that in July 2006,

Mary O'Sullivan ("O'Sullivan"), the Chief of the Veteran

Administration ("VA") Volunteer services, asked Plaintiff to cease

working as a volunteer on VA grounds while Plaintiff was the

subject of an investigation. Compl. ¶¶ 9, 10. Plaintiff alleges that O'Sullivan asked him to relinquish the key to the office he had been using and the volunteer badge he had been wearing. Plaintiff alleges that the investigation related to the VA Police's allegations that Plaintiff had inappropriately touched a female veteran. Plaintiff identifies defendant Schmitz as the Chief of the VA Police. Plaintiff alleges that he was ordered to appear before an Assistant United States Attorney in August 2007, and that he was subsequently told that he would not be prosecuted. Compl. ¶¶ 19, 20. Plaintiff alleges that Defendants violated his rights when he lost unrestricted access to the VA premises, his office space, and his ability to work as a VA volunteer. Plaintiff seeks monetary and injunctive relief.

<u>DISCUSSION</u>

I.    <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of his application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees.[1]    <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED.

_____

[1] While Plaintiff's declaration is filed on a form entitled "Request to Proceed In Forma Pauperis In Support of the Application for the Court to Request Counsel," the financial disclosure provided is sufficient.

2

II.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B)(i-iii).  The Court is required to dismiss the action as soon as it makes such a determination.  See id.  Furthermore, Section 1915(e), as amended by the Prison Litigation Reform Act of 1995, applies to both prisoner and non-prisoner in forma pauperis actions.  See Burns v. Goodwill Indus. of Greater New York, No. 01-CV-11311, 2002 U.S. Dist. LEXIS 11875, at *5-6 (S.D.N.Y. July 1, 2002).

Applying these standards to the case at hand, and affording Plaintiff's Complaint a liberal construction, the Court finds that Plaintiff's Bivens claims, though sparse in their allegations, survive screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii).  It may be that Plaintiff may fail to prove his claims, but the Court's uncertainty that Plaintiff will ultimately succeed on the merits is no justification for a dismissal at this stage of the case.

However, Plaintiff fails to allege any colorable claims pursuant to 42 U.S.C. § 1983.  Both Defendants, identified as federal employees, are not alleged to have acted "under color of state law," as required by 42 U.S.C. § 1983.  See, e.g. Moore v.

3

<u>United States Postal Serv.</u>, 159 Fed. Appx. 265, 267 (2d Cir. 2005).
As such, Plaintiff's 42 U.S.C. § 1983 claims are DISMISSED without prejudice.

Having secured <u>in</u> <u>forma</u> <u>pauperis</u> status, the United States Marshal Service is directed to serve the Complaint upon the Defendants without prepayment of fees; however, unpaid fees are recoverable if this action terminates by monetary award in Plaintiff's favor; and it is further ORDERED, that Defendants are directed to answer the Complaint.


SO ORDERED.


<u>/s/ JOANNA SEYBERT</u>
Joanna Seybert, U.S.D.J.


Dated:     October 18, 2009
           Central Islip, New York