```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JEREMIAH SIMPSON,

                Plaintiffs,          MEMORANDUM & ORDER
                                     09-CV-2334 (JS)(ETB)
        -against-

MARY O'SULLIVAN and HENRY SCHMITZ,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:     Arthur V. Graseck, Jr., Esq.
                   1870 Spur Drive South
                   Islip Terrace, NY 11752

For Defendants:    Robert W. Schumacher, II, Esq.
                   United States Attorney's Office
                   Eastern District Of New York
                   610 Federal Plaza
                   Central Islip, NY 11722
```

SEYBERT, District Judge:

Plaintiff Jeremiah Simpson filed suit alleging that Defendants Mary O'Sullivan and Henry Schmitz violated his Fifth Amendment due process rights by: (1) terminating him from a volunteer position at the New York Veterans Affairs Medical Center; and (2) improperly restricting his right to receive veterans' benefits. Defendants have moved to dismiss Mr. Simpson's Amended Complaint. For the following reasons, that motion is GRANTED.

## BACKGROUND[1]

Mr. Simpson is a disabled American veteran, who incurred his disability in service to the United States. Compl. ¶ 4. Between July 1987 and September 2007, he availed himself of the free medical and dental services he was entitled to as an American veteran with a service-related injury. Compl. ¶ 5. In addition, between September 2001 and September 2007, Mr. Simpson volunteered for Veterans of the Vietnam War, Inc. Compl. ¶ 5. In this capacity, he was permitted to use office space in a Veterans Affairs building. Compl. ¶ 5.

At all relevant times, Ms. O'Sullivan was the Department of Veterans Affairs' Chief of Volunteer Services. Compl. ¶ 6. Mr. Schmitz was the Chief of Veterans Affairs Police and, allegedly, Ms. O'Sullivan's "paramour." Compl. ¶ 7.

In June 2006, Mr. Simpson refused to share unspecified "records" with New York State Veterans Counselor Cynthia Falcone. Compl. ¶ 16. Mr. Simpson contends that Ms. O'Sullivan responded to his refusal by embarking on a campaign of retaliation against him. Compl. ¶ 17.

On July 31, 2006, Ms. O'Sullivan instructed Mr. Simpson to close his office and told him that he was under investigation. Compl. ¶ 9. In September 2006, Ms. O'Sullivan

---

[1] The Court presumes Mr. Simpson's factual allegations as true for this motion's purposes.

falsely reported to the Internal Revenue Service that Mr. Simpson had failed to report income on his tax returns. Compl. ¶ 11. The IRS concluded that Ms. O'Sullivan's charges were baseless. Id. In June 2007, Ms. O'Sullivan and Mr. Schmitz conspired with an unnamed "officer of the VA Police" to concoct a perjurous allegation that Ms. Simpson had "inappropriately touched a female veteran." Compl. ¶ 13. In February 2008, this investigation concluded when Assistant United States Attorney Lara Gatz determined that Mr. Simpson "did not violate 'any federal criminal law.'" Compl. ¶ 20.

Mr. Simpson claims that, due to this conduct, he has lost his: (1) "unrestricted access" to Veterans Affairs' facilities; (2) office space; and (3) ability to function as a volunteer who provides services to veterans. Compl. ¶ 21. In addition, Mr. Simpson claims that he has ceased taking advantage of the free medical and dental care he previously enjoyed at Veterans Affairs' facilities, because "he cannot bear the humiliation of being treated as a criminal." Compl. ¶ 22. He contends that these actions have violated his Fifth Amendment right to due process of law.

## DISCUSSION

I. <u>Standard of Review on a Motion to Dismiss</u>

In deciding FED. R. CIV. P. 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by

3

"[t]wo working principles," Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court accepts all factual allegations as true, and draws all reasonable inferences in the plaintiff's favor, this "tenet" is "inapplicable to legal conclusions"; thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris, 572 F.3d at 72 (quoting Ashcroft); Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Management LLC, 595 F.3d 86, 91 (2d Cir. 2010). Second, only complaints that state a "plausible claim for relief" can survive Rule 12(b)(6). Id. Determining whether a complaint does so is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## II. Volunteer Position & Office Space Claims

Defendants argue that Mr. Simpson's claims concerning his volunteer position and office space fail because he lacked a Constitutional property or liberty interest in serving as a volunteer or using Veterans Affairs' office space. The Court agrees.

For due process purposes, deciding whether a plaintiff has a property interest is a two-step process. "First, we must determine whether some source of law other than the

4

Constitution, such as a state or federal statute, confers a property right on the plaintiff . . . . Once such a property right is found, we must determine whether that property right 'constitutes a property interest for purposes of the Fourteenth Amendment.'" O'Connor v. Pierson, 426 F.3d 187, 196 (2d Cir. 2005). Here, Mr. Simpson identifies no "state or federal statute" that gave him a property interest in using federal office space or in permitting him to serve as a volunteer with an outside veterans' organization. And, absent such a statute, his property interest claims fail. See Versarge v. Township of Clinton N.J., 984 F.2d 1359, 1370 (3d Cir. 1993); Hyland v. Wonder, 972 F.2d 1129, 1140-42 (9th Cir. 1992); Hale v. Bexar County, Tex., 342 Fed. App'x 921, 927-928, (5th Cir. 2009) (unpublished).

Similarly, Mr. Simpson's office space and volunteer position claims do not implicate any cognizable liberty interest. Construed liberally, Mr. Simpson appears to allege a "stigma-plus" claim. To properly assert such a claim, Mr. Simpson must allege: (1) the utterance of a false statement that is injurious to reputation; and (2) "some tangible and material state-imposed burden in addition to the stigmatizing statement." Monserrate v. New York State Senate, 599 F.3d 148, 158 (2d Cir. 2010) (summarizing how a plaintiff can allege the violation of a Constitutionally-protected liberty interest through a "stigma-

5

plus" claim). Here, Mr. Simpson sufficiently alleges that Ms. O'Sullivan made a false public statement that injured his reputation, when she allegedly falsely reported to the IRS that he failed to report income. And, arguably, Mr. Simpson also sufficiently pleads that Ms. O'Sullivan and Mr. Schmitz "made" another false statement, when they allegedly arranged for one of Mr. Schmitz's subordinates to falsely report to the United States Attorney's Office that Mr. Simpson sexually assaulted a patient. So Mr. Simpson adequately establishes the "stigma" prong of a "stigma-plus" claim.

But, with respect to his office space and volunteer position claims, Mr. Simpson fails to sufficiently plead the "plus," which the Second Circuit has most recently described as "some tangible and material state-imposed burden." <u>Monserrate</u>, 599 F.3d at 158. In so holding, the Court acknowledges that "it is not entirely clear what" qualifies under this standard. <u>Valmonte v. Bane</u>, 18 F.3d 992, 1000 (2d Cir. 1994). But Mr. Simpson's claims do not fit into any category that has been recognized as a sufficient "burden." He did not lose employment or suffer any "statutory impediment" to employment. <u>Id.</u> at 1001-02. Instead, he lost only a volunteer position with an outside organization that Defendants did not directly control. <u>See</u> Compl. ¶¶ 5-7 (noting that Mr. Simpson volunteered for "Veterans of the Vietnam War, Inc." while Defendants worked for

6

the Department of Veterans Affairs). As discussed above, he lacked a property right in the volunteer position and the office space. See Segal v. City of New York, 459 F.3d 207, 212 (2d Cir. 2006). And he was not deprived of any "legal right or status," because he had no legal right to the office space, or the volunteer position with the outside organization. Abramson v. Pataki, 278 F.3d 93, 101-102 (2d Cir. 2002). It follows then that Mr. Simpson's office space and volunteer position claims do not set forth a "stigma plus" liberty interest claim.

III. VA Benefits Claims

Defendants contend that Mr. Simpson also fails to plead a due process claim with respect to his medical and dental benefits. In this regard, Defendants principally argue that Mr. Simpson's claim should be dismissed because: (1) Mr. Simpson fails to plead that Defendants participated in administering his medical and dental benefits claims; and (2) sovereign immunity prevents him from bringing suit in connection with a veterans' benefits dispute. This argument misunderstands the nature of his claim. Mr. Simpson does not claim that Defendants denied him medical or dental benefits. Instead, Mr. Simpson contends that, due to Defendants' false statements, he has not used his benefits because he "cannot bear the humiliation of being treated like a criminal." Compl. ¶ 22. Thus, properly understood, Mr. Simpson does not allege that anyone has denied

7

him medical or dental benefits outright. Instead, Mr. Simpson appears to claim some kind of due process violation based on his perceived "humiliation," which prevented him from exercising his right to veterans' benefits.

Mr. Simpson's Amended Complaint does not, however, allege any facts to support that he was "treated like a criminal." And Mr. Simpson does not have any cognizable liberty or property interest in his self-esteem. Consequently, Mr. Simpson's claims concerning the constructive denial of his veterans' benefits must also be dismissed.

IV. <u>Leave to Amend</u>

Although Mr. Simpson's Amended Complaint did not plead any facts concerning the "humiliation" that supposedly led to him not using his medical and dental benefits, his opposition papers did contain a few factual allegations concerning this claim.[2] Given these allegations, the Court cannot say that a Second Amended Complaint would be futile, particularly with

---

[2] In opposing Defendants' motion to dismiss, Mr. Simpson appears to allege such facts, claiming that Defendants' actions caused him to "lose access to V.A. benefits unless he submitted to being handcuffed and escorted by security personnel when seeking medical, mental health or dental services at any V.A. facility." But a non-<u>pro se</u> plaintiff "may not amend [his] complaint through [his] opposition." <u>Rodriguez v. Goetz</u>, 09-CV-3728, 2010 WL 451032, at *1 n.1 (S.D.N.Y. February 1, 2010) (declining to consider factual allegations raised in opposition to motion to dismiss); <u>see also</u> <u>Space, Inc. v. Simowitz</u>, 08-CV-2854, 2008 WL 2676359, at *4 (S.D.N.Y. July 8, 2008) (declining to consider "new factual allegations that are not contained in the Complaint").

respect to a "stigma-plus" claim. At the same time, absent more factual detail, the Court cannot speculate as to whether Mr. Simpson can succeed in stating a claim. Accordingly, the Court grants Mr. Simpson thirty (30) days to seek leave to file a Second Amended Complaint.

## CONCLUSION

Defendants' motion to dismiss is GRANTED. Mr. Simpson has thirty (30) days to seek leave to file a Second Amended Complaint. If Mr. Simpson fails to seek such leave within the time-frame given, the Clerk of the Court is DIRECTED to mark this matter as CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
       November 2, 2010